**Aminder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–71956.
Agency No. A75–262–376.

United States Court of Appeals,
Ninth Circuit.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted May 9, 2005.**

Decided May 13, 2005.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM***

Aminder Singh, a native and citizen of India, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Njuguna v. Ashcroft*, 374 F.3d 765, 769 (9th Cir.2004), grant the petition for review, and remand.

The BIA expressly declined to make a determination with regard to the IJ's credibility finding and instead found that Singh failed to demonstrate either past persecution or an objectively-reasonable, well-founded fear of future persecution. The BIA's finding is not supported by substantial evidence.

Singh testified that he was detained for several days and beaten into unconsciousness because police believed him to be the associate of a suspected militant. *See Duarte de Guinac v. INS*, 179 F.3d 1156, 1161 (9th Cir.1999) ("[W]e have consistently found persecution where as here, the petitioner was physically harmed."). After that militant was killed in a fake encounter by police, Singh was subjected to multiple raids on his home, and his father was subsequently detained and tortured and warned that his son would suffer harm at the hands of the police if Singh did not leave the country. Because there is no evidence of a legitimate prosecutorial purpose for this treatment, we presume the

Aminder Singh, Marietta, GA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Arthur L. Rabin, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

motive is political. *See Navas v. INS*, 217 F.3d 646, 660 (9th Cir.2000); *Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995). Thus, Singh's testimony establishes past persecution entitling him to a rebuttable presumption of future persecution. *See Salazar–Paucar v. INS*, 281 F.3d 1069, 1073–74 (9th Cir.2002).

Accordingly, we remand this matter to the BIA for further proceedings on the merits of Singh's asylum and withholding of removal claims. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). Upon remand, the BIA shall also rule on Singh's request for relief under the Convention Against Torture in accordance with the legal standards set out in *Kamalthas v. INS*, 251 F.3d 1279, 1281–83 (9th Cir.2001).

**PETITION FOR REVIEW GRANTED; REMANDED.**